UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Quinton L. Brisbane, #279976, ) | C/A No. 4:09-2347-HMH-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| SCDC Director Jon Ozmint; ) | |
| Warden L. Cohen, Ridgeland Correctional, a/k/a Le'vern ) | |
| Cohen; ) | |
| Sgt. W. Chisholm, Ridgeland Correctional, a/k/a Wesley or ) | |
| Westley Chisholm; ) | |
| Crpl. Morris, Ridgeland Correctional; ) | |
| Ofc. D. Ford, Ridgeland Correctional, a/k/a De'Angelo Ford; ) | |
| M.E. Montouth, Ridgeland Correctional; ) | |
| J. Fludd, Ridgeland Correctional, a/k/a Jeanette Fludd; ) | |
| each in their official and individual capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, Quinton L. Brisbane, filed this action on April 11, 2008, alleging various claims for violations of his constitutional rights pursuant to 42 U.S.C. § 1983. The plaintiff is an inmate currently housed at the Ridgeland Correctional Institution ("RCI"). Before the undersigned is the defendants' motion to dismiss or in the alternative motion for summary judgment. (Document #21.)[1]

## I. PROCEDURAL BACKGROUND

On October 26, 2009, defendants filed a motion to dismiss or in the alternative a motion for

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

summary judgment and attached an affidavit and exhibits. As matters outside of the pleadings have been presented for consideration, this matter is being treated as a motion for summary judgment. The undersigned issued an order filed October 28, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On November 12, 2009, plaintiff filed a response in opposition. (Doc. #25). Defendants filed a reply to the response on November 24, 2009. (Doc. #28). Plaintiff filed a second reply on December 17, 2009. (Doc.#35).

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

In the complaint, plaintiff alleges that defendants violated his constitutional rights by forcing him to endure unlawful conditions of confinement, conspiracy, denial of access to courts, excessive force, and inadequate food.

Defendants argue that the complaint should be dismissed because plaintiff failed to exhaust his administrative remedies before filing this action.

### B. STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the

pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendants have pleaded the affirmative defense of failure to comply with the PLRA's exhaustion requirement and has moved for summary judgment on that basis. Defendants attached a copy of five Step One Grievances but argue that plaintiff failed to appeal or re-submit the

3

grievances. Defendants submitted the affidavit of Mary Coleman, SCDC inmate Grievance Branch Chief, who attests that in accordance with the grievance process and SCDC Policy/Procedure, she reviewed plaintiff's multiple grievances. (Coleman affidavit, doc. #21-2). Plaintiff has not completely exhausted his administrative remedies prior to filing this action.(Id.).

Plaintiff filed a Step 1 Grievance, RCI-576-09, presenting allegations of excessive physical force. (Id.). This grievance was sent by the IGC to the SCDC Division of Investigations (DOI) because of the allegations of excessive force. (Id.). Once the DOI completed its investigation finding the grievance without merit, the grievance was returned to the Ridgeland Correctional Institution (RCI) and the IGC served the Warden's response to plaintiff on September 17, 2009. (Id.). Plaintiff failed to file a Step 2 Grievance within five days and the grievance was closed on October 6, 2009. (Id.).

Plaintiff filed a Step 1 Grievance, RCI-0082-09, which was returned to plaintiff on February 19, 2009, by the IGC for failure to abide by policy and for failing to attempt an informal resolution. (Id.). However, Coleman attests that the grievance was reopened and has not been exhausted based on the evidence presented.

Plaintiff filed a Step 1 Grievance, RCI-0098-09, which was returned to plaintiff unprocessed on March 6, 2009, because plaintiff attempted to grieve an issue on behalf of other inmates.(Id.). Plaintiff did not resubmit the grievance.(Id.).

Plaintiff filed a Step 1 Grievance, RCI-0339-09, which was investigated by the IGC and the findings were submitted to the Warden.(Id.). IGC served the Warden's response on plaintiff on June 19, 2009, and he had five days to file a Step 2 grievance. (Id.). Plaintiff failed to file the Step 2 grievance and the file was closed on July 31, 2009. (Id.).

4

Plaintiff filed a Step 1 Grievance, RCI-0433-09, which was investigated by the IGC and the findings were submitted to the Warden. (Id.). The IGC served the Warden's response on plaintiff on July 20, 2009. (Id.). Plaintiff did not file a Step 2 Grievance within five days and the grievance file was closed on July 31, 2009. (Id.).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a §1983 action concerning conditions of his confinement. 42 U.S.C. §1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section §1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed

5

by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Plaintiff has made several arguments in opposition. Plaintiff has argued that defendants failed to allow him to exhaust, that he was not instructed how to file a Step 2 Grievance, that defendants made access to exhaustion unavailable due to defendants' failure to comply with their own rules and policies. Plaintiff argues that defendants' motion should be denied in that the "defendants having denied him his rights to adequately pursue the grievance procedure plaintiff's availability to entertain and fully exhaust according to provided steps. The grievance procedure/process was terminated and made unable through the actions of said defendants, under such circumstance such does deem and define "exhaustion" as so is deemed available." (Response , doc. #35). Plaintiff attached copies of several Step One Grievance forms that were either returned as unprocessed or denied, as well as, several copies of "Request to Staff" forms. However, plaintiff has not provided copies of any Step Two Grievance Forms.

Plaintiff admits that he has not exhausted his administrative remedies but makes several arguments in his responses as to why he has not exhausted. Plaintiff contends that he was not instructed on how to appeal the decision. However, a review of the Step 1 Grievance forms reveals plaintiff was advised of his right to appeal his grievance through the process outlined on the forms if he disagreed with the Warden's decision. While plaintiff argues that he was not allowed to exhaust, plaintiff has only made bald allegations and has not shown that he filed any grievance with respect to this issue or attempted to file any informal resolutions, etc. Mary Coleman attest that one grievance, RCI–0082-09, was re-opened and neither party has submitted additional information as to the grievance. However, it is still apparent that plaintiff filed this action prior to exhausting said

grievance. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir.2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."]

Based on the evidence presented, it is recommended that defendants' motion for summary judgment (doc. #21) be granted for failure to exhaust administrative remedies.

### III.  DEFAULT JUDGMENT

On October 19, 2009, plaintiff filed a motion for default judgment asserting that he submitted to the courts a complete civil form on September 11, 2009, and defendants were to answer within (30) days. Plaintiff asserts that the court order granting his motion to proceed IFP was entered on September 16, 2009, and defendants failed to timely file an answer.

It is recommended that this motion for default judgment (doc. #20) be denied. Based on the court's docket sheet, the defendants were served on October 8, 2009, making their responsive pleading due on or before October 28, 2009. Defendants filed a motion to dismiss or in the alternative for summary judgment on October 26, 2009. By filing the motion to dismiss, defendants filed a timely responsive pleading to the complaint.

### IV.  TEMPORARY RESTRAINING ORDER (TRO)

On October 1, 2009, plaintiff filed a document entitled "affidavit and motion of Request of the Issuing of Temporary Restraining Order." (Doc. #12). In this motion, plaintiff appears to request that he be transferred out of the Ridgeland Correctional Institution due to a conflict of interest,

frequent encounters that he is subjected to with said defendants, and is unable to earn work credits and good time credits.

Both a preliminary injunction and a temporary restraining order are extraordinary remedies which will not be granted unless there is a clear showing of both likely success and irreparable injury. The Real Truth About Obama, Inc. v. Federal Election Commission, No. 08-1977, 2009 WL 2408735, at *3 (4th Cir. August 5, 2009); see Winter v. Natural Resources Defense Counsel, Inc., --- U.S. ----, 129 S.Ct. 365, 374-376, 172 L.Ed.2d 249 (2008); Neiswender v. Bank of America, No. 09-2595, 2009 WL 1834406 at * 1 (N.D.Cal. June 23, 2009) ["A request for a temporary restraining order is governed by the same general standards that govern the issuance of a preliminary injunction."] (*citing* New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n. 2, 98 S.Ct. 359, 54 L.Ed.2d 439 (1977); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir.2001)). In order to obtain such relief, plaintiff must establish: 1) the likelihood that the plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the plaintiff if the injunction is not granted; 3) that the balance of equities tips in his favor; and 4) the injunction is in the public interest. Winter, 129 S.Ct. at 374. Further, all four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d 342, 2009 WL 2408735, at * 2.

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir.1980). They are extraordinary remedies afforded prior to trial at the discretion of the district court. The Fourth Circuit recently held that in light of the Supreme Court decision in Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ---- - ----, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), "the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in

Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts." Real Truth About Obama, Inc. v. Federal Election Com'n, 2009 WL 2408735, at *4 (4th Cir. Aug.5, 2009).

Plaintiff's bald conclusory allegations in his motion are insufficient to justify a restraining order. The Court cannot issue injunctions or restraining orders based on such unsubstantiated claims which the defendants deny. Plaintiff has failed to show that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff fails to demonstrate the clear likelihood of irreparable harm to him if the injunction is not granted or a clear likelihood that he will succeed on the merits sufficient to justify the issuance of an injunction. Additionally, the issuance of an injunction as requested by the plaintiff would undermine prison officials' ability to effectively manage prisons and maintain order and discipline. *Cf*. Taylor v. Freeman, 34 F.3d 266, 269-270 (4th Cir.1994) [Preliminary injunctive relief involving the management of prisons should be granted only under exceptional and compelling circumstances]; Joe v. Ozmint, No. 08-585, 2008 WL 5076858, *3-4 (D.S.C.2008). The public interest weighs in favor of policies which encourage security in prisons. Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept.20, 2006); see Winter, 129 S.Ct. at 376-377 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"]. The court must give deference to decisions by prison administrators. See Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980).

As plaintiff has failed to meet the all four requirements of the above standard, it is recommended that this motion requesting a TRO to require that defendants transfer him from the facility (doc. #12) be denied.

## V. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion to dismiss/ summary judgment (document #21) be GRANTED and this claim dismissed.

IT IS FURTHER RECOMMENDED that plaintiff's motion for default judgment and motion for temporary restraining order (Docs. # 12 and 20) be DENIED.[2]

                                                  Respectfully submitted,

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

April 20, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] Defendants filed a reply to plaintiff's response indicating that they believed plaintiff was attempting to file a motion for summary judgment. Therefore, if plaintiff's response to defendants' motion for summary judgment could be construed as a motion for summary judgment, it is recommended that it be denied for the reasons set forth above.